IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MERITA DIANE BAREFOOT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:13cv841-CSC |
| | ) | (WO) |
| CAROLYN W. CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

On March 18, 2015, the plaintiff filed a motion for attorney fees pursuant to the Equal

Justice Act, 28 U.S.C. § 2412(d).  (Doc. # 16).  The Commissioner objects to an award of fees

because her "position was substantially justified."  (Doc. # 19).

Plaintiff Merita Barefoot ("Barefoot") applied for and was denied disability insurance

benefits by the Commissioner.  After her application was denied, she sought judicial review in

this court.  Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties consented to

a United States Magistrate Judge conducting all proceedings in this case and ordering the entry

of final judgment.  On January 7, 2015, the court concluded that the ALJ erred as a matter of

law and remanded the case for an award of benefits.  (Doc. # 14 at 13 & 24).

A Social Security disability claimant is a prevailing party entitled to seek EAJA fees

when the claimant obtains a remand for reconsideration of her case or an award of benefits.  *See*

*Shala v. Schaefer*, 509 U.S. 292, 300-01 (1993).  Clearly, the plaintiff is a prevailing party.

---

[1]  Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.

Under the EAJA, the court "shall award" attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). *See also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). "The government's position is substantially justified under the EAJA when it is justified to a degree that would satisfy a reasonable person - i.e. when it has a reasonable basis in both law and fact. The government bears the burden of showing that its position was substantially justified." *United States v. Douglas*, 55 F.3d 584, 588 (11th Cir. 1995) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

The court concluded that a remand for an award of benefits was necessary because the decision of the ALJ was "not supported by substantial evidence and [was] not consistent with applicable legal principles." (Doc. # 14 at 13). In fact, the court concluded that "[t]he ALJ's representation of the record and her factual findings are fundamentally flawed, totally unsupported by the record, and inconsistent with the governing legal principles." (*Id*. at 14) Thus, the Commissioner's position in this litigation did not have a reasonable basis in *fact or law*. *Pierce* requires that the government's position be reasonable *both* in fact and law to be substantially justified.

The Commissioner argues that the plaintiff is not entitled to fees because "[g]iven that the issue is whether the ALJ's decision was arguably supported by substantial evidence, the Commissioner's position was substantially justified." (Doc. # 19 at 3). Beyond this conclusory statement, the Commissioner points the court to no evidence and makes no other argument that her position was substantially justified. Consequently, the court concludes that the

Commissioner's position was not reasonable in fact or law, and the plaintiff is entitled to an award of fees under EAJA.

The plaintiff seeks fees in the amount of $3,290.69. The Commissioner does not challenge any of the hours expended by counsel as unreasonable nor does she challenge the hourly rate. Accordingly, upon consideration of the motion, and for good cause, it is

ORDERED that the motion for attorney's fees (doc. # 16) be and is hereby GRANTED to the extent that the plaintiff be and is hereby AWARDED fees in the amount of $3,290.69.

2.     To the extent that plaintiff's counsel requests that fees be *awarded* directly to counsel, 28 U.S.C. § 2412(d)(1)(A) authorizes the court to award fees to the prevailing party.[2] *See* 28 U.S.C. § (d)(2)(B). The motion that fees be paid directly to counsel be and is hereby DENIED. However, the Commissioner is DIRECTED to ***mail*** the check to Barefoot's counsel.

Done this 14th day of April, 2015.

/s/Charles S. Coody

CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

---

[2] On May 5, 2008, the Eleventh Circuit Court of Appeals decided *Reeves v. Astrue*, 526 F.3d 732 (11th Cir. 2008) in which the Court unambiguously held that "attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney." *Id.* at 738. On June 14, 2010, the United States Supreme Court decided *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010) in which the Court unambiguously held that attorney's fees are awarded to the prevailing litigant, not to prevailing litigant's attorney. *See also Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008) ("attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney.").